UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:21-CV-00598-RGJ-LLK

SCOTT SCHRANK,                                                                    PLAINTIFF

v.

ROLLER DIE AND FORMING COMPANY, INC, *et al.*,              DEFENDANTS

## OPINION AND ORDER

Judge Rebecca Grady Jennings referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions.  [DN 12].

On January 20, 2022, the parties tendered an Agreed Protective Order for review by this Court.  [DN 16].  For the reasons set forth below, the Court declines to enter the Agreed Protective Order without prejudice for failure to comply with the "good cause" requirement of Federal Rule of Civil Procedure 26 and the sealing requirements under the Local Rules.  Accordingly, the Court declines to enter the submitted Agreed Protective Order.  *Id.*  The Court will consider a timely filed motion that complies with Federal Rule of Civil Procedure 26, Local Rule 5.7, Local Rule 37.1, and this Order.

## Good Cause Requirement

This Court has increasingly scrutinized stipulated motions for protective orders that do not make the necessary showing of good cause required by the Rules of Civil Procedure and case authority.  *See Bussell v. Elizabethtown Independent School Dist.*, 3:17-cv-00605-GNS (W.D. Ky. Oct. 23, 2018) (Edwards, J.) (discussing why the Court will enter the second proposed agreed protective order because it develops why a protective order is necessary) (Pacer); *see also Wellmeyer v. Experian Info. Sols.*, 3:18-cv-94-RGJ (W.D. Ky. May 30, 2018) (Pacer); *Middleton v. Selectrucks of America, LLC*, 3:17-cv-602-RGJ (W.D. Ky. Sept. 21, 2018) (Pacer); *Mitcham v.*

*Intrepid U.S.A., Inc.*, 3:17-cv-00703-CHB (W.D. Ky. Oct. 1, 2018) (Boom, J.) (Pacer); *Roberson v. KentuckyOne Health, Inc.*, 3:18-cv-00183-CRS-RSE (Aug. 29, 2018) (Edwards, J.) (Pacer); *Savidge v. Pharm-Save, Inc.*, 3:17-cv-000186-CHB (W.D. Ky. July 9, 2018) (Whalin, J.) (Pacer); *Effinger v. GLA Collection Co.*, 3:17-cv-000750-DJH (W.D. Ky. March 28, 2018) (Lindsay, J.) (Pacer); *Fleming v. Barnes*, 3:16-cv-264-JHM (W.D. Ky. Feb. 27, 2017) (Whalin, J.) (Pacer).

Under Federal Rule of Civil Procedure 26(c)(1)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense , including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…."  Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought…."  *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).   For example, in determining whether to grant a protective order in a trade secret case, the court considered the following factors:

(1) the extent to which the information is known outside of [the] business;

(2) the extent to which it is known by employees and others involved in [the] business;

(3) the extent of measures taken . . . to guard the secrecy of the information;

(4) the value of the information to [the business] and to [its] competitors;

(5) the amount of effort or money expended . . . in developing the information;

(6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys.*, No. 3:16-CV-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc.*, 2016

WL 737903, at *2 (E.D. Ky. Feb. 23, 2016)).  "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. May 24, 2011); *see also In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013) ("To show good cause, the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient.").

Rule 26 of the Federal Rules of Civil Procedure affords the Court with broad discretion to grant or deny protective orders.  *Parker & Gamble Co. v. Banker's Trust Co*., 78 F.3d 219, 227 (6th Cir. 1996).  Because entry of a protective order is contrary to the basic policy in favor of broad discovery, the party that seeks a protective order has a heavy burden to show substantial justification for withholding information from the public.  *See Williams*, 2018 WL 989546, at *2; *see also*, *Proctor & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and is circumscribed by a long-established tradition which values public access to court proceedings."); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) ("As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying public access to the proceedings.").

In this case, the parties have not met their burden in showing that the documents they seek to protect and deem as confidential should be shielded from the public.  Here, while the specifically named documents might meet good cause, the parties offer no supporting authority and the tendered Order begins its description of 'confidential material' as "any and all information and records relating to the Parties, their employees and former employees. . . ."  Thus, the order cannot clearly define the documents that will be subject to the Agreed Protective Order and cannot show a clearly defined and serious injury that would result from the production of those documents.  The

parties bear a heavy burden in attempting to show substantial justification for withholding information from the public.  Here, they have not met that burden and the proposed Agreed Protective Order cannot be entered.

This Court recently reached a similar conclusion in *Bussell*, in which the parties submitted an Agreed Protective Order for the protection of alleged confidential and private information, without any explanation for why the Order was necessary.  *Bussell v. Elizabethtown Independent School Dist.*, 3:17-cv-00605, at Docket # 27 (W.D. Ky. Aug. 29, 2018).  The Court denied the motion without prejudice and specifically stated that the party seeking a protective order should set out the reasons why a protective order is necessary.  *Id*. at Docket # 28.  The parties then filed a new motion for protective order, which the Court granted, noting that the parties explained that the materials at issue were nude or seminude photographs and that dissemination of the images was sensitive in nature, may constitute additional crimes, and could potentially adversely impact ongoing criminal proceedings.  *Id*. at Docket # 33.

### Sealing Standard

Additionally, it is unclear if the parties intended for the tendered order to require sealing, but if so, the provision is insufficient.  The parties state that "Discover Material designated as 'CONFIDENTIAL' may not be shown, disclosed, divulged, revealed, transmitted, described, or otherwise communicated by the attorneys for the non-Furnishing Parties. . . ."  Local Rule 5.7(c) addresses filing documents under seal:

> (c) **Specific Authority or Motion Required; Protective Orders**.  Absent a federal statute or federal rule of procedure, local rule, or standing order of this court, a party seeking to file a sealed document must electronically file a motion for leave to seal.  The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure.  Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof, warrants filing under seal.

LR 5.7(c).

The Sixth Circuit addressed the requirements that must be met by both the proponents of an order to seal and the court ruling on that motion in *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The *Shane* Court clarified the standard for sealing documents the parties have chosen to make part of the judicial record by filing is "vastly more demanding" than the standard for protective orders for documents the parties exchange with each other during discovery. *Id.* at 307. That the documents are covered by a "mere protective order" or have been designated as confidential by a party is not sufficient reason to seal them from the public after the parties placed the documents in the judicial record. *Id.* Once parties place documents in the judicial record, they have crossed a line between the discovery stage and the adjudicative stage. *Id.* at 305.

In *Shane*, the Sixth Circuit also stated that at the adjudicative stage "the public has a strong interest" in access to assess a court's decisions and the information on which the court relied in making that decision. *Id.* Due to the "strong presumption in favor of openness…Only the most compelling of reasons can justify" sealing documents and "the seal must be narrowly tailored to serve that reason." *Id.* Therefore, the party seeking to seal documents must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06. Additionally, the court must explain the basis for sealing each document and must articulate "specific findings and conclusions" as to why the interest in sealing it is compelling, the interest in public access less so, and why the seal is as narrow as possible. *Id.* at 306.

In this case, the parties failed to provide language designating sealing, to provide analysis explaining why sealing is required, nor did they show how that interest might be more compelling

than the public's interest in access.  The Court, therefore, has no information with which it can make the specific findings and conclusions required to seal.

The Court will consider a proposed protective order that requires the party to move to seal specific documents, but will not pre-authorize the sealing of yet to be identified documents.

**Conclusion**

For the reasons provided above, the Court declines to enter this Order for failure to comply with the "good cause" requirement of Federal Rule of Civil Procedure 26.  The Court will consider a timely filed motion that complies with Rule 26, Local Rule 5.7, Local Rule 37.1, and this Order.

**IT IS SO ORDERED.**

January 26, 2022

**Lanny King, Magistrate Judge**
**United States District Court**

c:      Counsel